**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 14-cv-2148-WJM-NYW

LUDVIK ELECTRIC CO., a Colorado corporation,

    Plaintiff,

v.

WESCO DISTRIBUTION, INC., a Delaware corporation,

    Defendant and Third-Party Plaintiff,

v.

GENERAL STRUCTURES, INC., a Michigan corporation,

    Third-Party Defendant.

---

**STIPULATED PROTOCOL FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

---

This matter, having come before the Court on the written stipulation of the parties, by and through their respective counsel, and the foregoing parties having consented and agreed to the making and entry of this Order:

IT IS HEREBY ORDERED as follows:

<u>Procedure for Exchange of Documents</u>

The terms of this procedure presumes the parties to which it applies have been vetted by the United States Government to receive documents pertaining to the Utah Data Center Project, Camp Williams Utah (UDC), as evidenced by the fact that each party possesses documents pertinent to the UDC project. This procedure does not alter the parties' responsibilities as they pertain to any UDC document.

For the purpose of this document, the term "Document" is used in the broadest and most liberal sense to include all written, typed, printed, recorded, or graphic material, however produced or reproduced, of any and every kind and description, and whether an original, master, duplicate, or copy, and whether in physical or electronic form.

Notwithstanding this definition, an understood goal of this agreed procedure is to reduce the amount of unnecessary duplication within the document collections produced by each party. For this reason, the parties agree, for purposes of discovery that printed versions of "documents" maintained in both electronic and paper format will be produced as part of the electronic production only.

Production costs will be borne by the Producing Party unless otherwise ordered by the Court.

Additionally, the parties agree that there is no waiver of any applicable privileges through the inadvertent production of any privileged record and further agree to "claw-back"

terms consistent with those outlined in the Stipulated Protective Order in regard to any inadvertently produced privileged records.

**Production of Electronically Stored Information (ESI)**

ESI includes e-mail, word processing, spreadsheet, scheduling, design assist, and other electronic data files used by the parties which are collected from laptops, desktop workstations, network servers, portable storage media, cell phones, tablets, or other electronic storage media.

The parties shall have no obligation to produce data, residual data, or data fragments on hard drives that are not viewable through the application that was used for their creation; prior versions of data in current databases; existing data that was generated by applications or systems no longer in use; disaster-recovery materials; and backup tapes and electronically stored and preserved materials whose contents are not readily searchable without materially impeding ongoing operations.

The following procedures will apply to the production of ESI:

1. Each party will provide all responsive electronic files in native format.
2. If a party produces documents in the manner they are kept in their business, the party will produce the electronic files in a manner that replicates the organizational structure of the files as they were maintained during the course of the project, including: directory, folder, and subfolder structures as well as original filenames and custodial information. In the alternative, the organizational information can be provided in a data base load/cross-reference file(s) formatted for use with commonly used litigation support applications that accompanies the production.

3

3. The parties will adopt the following naming convention for electronic files: Ludvik Electric files will be identified with an alpha prefix "LE_" with a sequential numbering of the files beginning with 0000001. The original filename will follow (e.g. LE_0000001_ORIGINAL FILENAME). The other parties will adopt a similar convention for their production documents.

4. In addition to ESI that resides on laptops, desktop workstations, and network servers, there may be additional responsive documents stored on external storage media such as flash drives, thumb drives, CD-ROM disks, DVD disks, and other media. These files will be included in the production but will be segregated from the other production documents in a folder named consistent with any labeling on the media.

5. When preparing paper copies of any document produced in native format for use in these proceedings, the filename will appear in a footer, identifying the document's source.

**Paper Documents and Other Physical Objects**

Paper documents not being produced because they are available in electronic format will be identified on an index with an indication as to where within the electronic production the documents are located.

*Production of small volumes of paper documents.* After accounting for duplication between paper and electronic documents, there may be some paper documents to be produced. These collections of paper documents will be scanned to electronic images in accordance with the following specifications.

1. Scans will be black-and-white, single-page CCITT TIFF Group IV images at 300 DPI.

2. Documents with substantive color and all photographs will be scanned to JPEG format.

3. Document boundaries will be unitized at the lowest document level (i.e. stapled or clipped groupings).

4. The association between and attachment and its "parent" document will be recorded and indicated in the load file.

5. File folders, notebook covers, tabs, bindings, etc. will be scanned immediately preceding the documents contained therein and flagged as "folders" in the load file.

6. Each image will be electronically endorsed (aka Bates numbered) to include an alpha prefix identifying the Producing Party followed by a sequential numbering of the images, placed in the lower right corner of the image without obstructing content of the original document.

7. Each image file will be named consistent with the first Bates number endorsement on the image.

8. Document-level OCR text files will be provided.

9. Data base Load files/Cross-Reference files for the processed documents will be provided in a format for use with commonly used litigation support applications.

*Production of large volumes of paper documents.* To the extent there are large amounts of paper documents and other physical things that are not otherwise available in electronic format, the parties agree to make them available for inspection and reproduction.

1. Inspection times will be coordinated to minimize disruption to the Producing Party while giving adequate access to the Discovering Party or Parties to complete their review in an efficient and timely manner.

2. Prior to inspection, the Producing Party will provide information about the documents being produced to include:

    a. The volume and nature of materials to be produced

    b. Any available indexes.

3. During the review process, the Discovering Party or Parties will identify the documents requested for reproduction. Arrangements will be made to reproduce the documents in as timely a manner as possible, minimizing the disruption to the Producing Party's operations. If practical, the Discovering Party or Parties will coordinate the review and reproduction process to minimize disruption to the Producing Party and to reduce the amount of duplication of efforts and costs associated with the reproduction process.

4. Paper documents will be scanned in accordance with the specifications provided in item 2 above.

DATED: June 18, 2015                                    BY THE COURT:

                                                        s/ Nina Y. Wang
                                                        United States Magistrate Judge

**Stipulated as to form and content:**

WOODS & AITKEN, LLP                                     KELLY & WALKER, LLC

By:   s/Kory D. George                                  By:   s/Shannon M. Bell
Kory D. George                                          Shannon M. Bell
Attorneys for Plaintiff, Ludvik Electric Co.            Attorneys for Defendant/Third Party Plaintiff,
8055 East Tufts Avenue, Suite 525                       WESCO Distributing, Inc.
Denver, CO 80237                                        1512 Larimer Street, Ste 200
303-606-6700                                            Denver CO 80202
kgeorge@woodsaitken.com                                 720-236-1800
                                                        sbell@kellywalkerlaw.com

7

| | |
|---|---|
| JAFFE, RAITT, HEUER & WEISS, P.C. | PENDLETON, WILSON, HENNESSEY & CROW P.C. |
| By: s/Ethan R. Holtz | By: s/L. Jay Labe |
| Ethan R. Holtz (P71884) | L. Jay Labe |
| Attorneys for Third Party Defendant | Attorneys for Third Party Defendant |
| General Structures, Inc. | General Structures, Inc. |
| 27777 Franklin Road, Suite 2500 | 1875 Lawrence Street, Ste 1000 |
| Southfield, MI 48034 | Denver, CO 80202 |
| (248) 351-3000 | (303)839-1204 |
| eholtz@jaffelaw.com | jlabe@pwhclaw.com |